**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **MARIA PALMA HERNANDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-27** |
| | § | |
| | § | |
| **IQBAL SINGH AND JBHS TRUCKING,** | § | |
| **INC.,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, MARIA PALMA HERNANDEZ, by and through her counsel, and for her complaint against DEFENDANTS IQBAL SINGH and JBHS TRUCKING, INC., allege as follows:

### I.
### PARTIES

1.    Plaintiff MARIA PALMA HERNANDEZ and was a resident and citizen of the state of Texas and Brewster County at all times relevant to this action.

2.    DEFENDANT IQBAL SINGH ("SINGH") is an individual and is a resident and citizen of the state of California at all times relevant to this action. Defendant SINGH was the driver of the vehicle involved in a collision made the basis of this lawsuit while operating in the State of Texas, specifically in the Western District. At all times relevant to this action, SINGH was in the course and scope of his employment with JBHS TRUCKING, INC. This action arises from the subject collision. SINGH may be served with process according to Tex. Civ. Prac. & Rem. Code §17.062 by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701, who can

in turn serve SINGH at his last known address, 357 N. Olive Avenue, Rialto, California 92316, or wherever he may be found.

3.    DEFENDANT JBHS TRUCKING, INC. ("JBHS") is a corporation incorporated in and a citizen of the State of California.

4.    Defendant JBHS was the owner of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas, specifically in the Western District. This action arises from the subject collision. JBHS may be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant JBHS through its registered agent, Simrandeep Singh, 3615 W. Barstow Avenue, Unit 117, Fresno, California 93711.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. §1332, in that it is a civil action between Plaintiff who is a Texas citizen, and Defendants who are all citizens of, incorporated in, and/or have their principal place of business in, a state other than Texas, specifically California, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is proper within the United States District Court for the Western District of Texas, Pecos Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to the claim occurred within United Sates District Court for the Western District of Texas, specifically Pecos County.

## III.
## FACTUAL BACKGROUND

7. On September 29, 2021, SINGH was driving through Fort Stockton, Texas while

operating a 2021 Kenworth T680 tractor-trailer rig owned by JBHS.

8. At the time of the collision, SINGH was operating his tractor truck and trailer eastbound on I-10 in Pecos County, Texas when he failed to recognize a slowdown in traffic ahead of him.

9. As such, SINGH crashed into the rear-end of the vehicle in front of him and which was operated by the Plaintiff.

10.    SINGH is believed to have been operating a tractor truck owned by JBHS, and in the course and scope of his employment with JBHS at the time of the subject collision.

**IV.**
**CAUSES OF ACTION**

**COUNT I**
**NEGLIGENCE**
**(Against SINGH)**

11.    Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action.

12.    Defendant SINGH had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.  Plaintiff's injuries were proximately caused by Defendant SINGH's negligent, careless, and reckless disregard of said duty.

13.    Plaintiff states that the Defendant SINGH was guilty of various acts of negligence and that each of the acts of negligence was a proximate cause of the collision and damages sustained by Plaintiff.  Defendant SINGH had a duty to exercise ordinary care and operate his vehicle reasonably and prudently at the time of the collision in question.  Defendant SINGH breached that duty in committing the various acts of negligence:

a. Failing to timely and properly control speed and apply his brakes;

3

b. Driving in an inattentive, reckless and careless manner;

c. Failing to maintain and keep a proper lookout;

d. Failing to keep a proper lookout of the roadway.

14.     Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and negligence *per se* which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life.

15.     Plaintiff further alleges that at all times mentioned herein and pertinent hereto that SINGH was operating a vehicle owned, operated and under the control of JBHS with its full consent, permission and knowledge.

## COUNT II
## NEGLIGENT ENTRUSTMENT
### (Against JBHS)

16.     All factual allegations set forth hereinabove are adopted into this count as though set forth herein word for word.

17.     Defendant JBHS owned the tractor rig and provided the means for Defendant SINGH to be entrusted and/or provided the tractor rig in question.

18.     Upon belief, at the time JBHS entrusted him with the vehicle, SINGH was inexperienced, had insufficient experience, and/or was unfit, unsafe, dangerous, incompetent or reckless – such that SINGH's operating created an unreasonable risk of danger to the public using the roadways.

19.     JBHS knew or should have known that SINGH was inexperienced, had insufficient experience, and/or was an unfit, unsafe, dangerous, incompetent or reckless driver and should not have entrusted him with the vehicle.

20.     SINGH did in fact operate the entrusted vehicle in a negligent manner as

4

more fully described above.

21.     Therefore, through their negligent entrustment of the vehicle to SINGH, JBHS directly and proximately caused the wreck, which resulted in Plaintiff's injuries and damages.

### COUNT III
### VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR
**(Against JBHS)**

22.     At all times relevant, SINGH, was an employee acting in the course and scope of his employment with JBHS. As such, JBHS is vicariously liable for the negligent actions of its employee, SINGH.

### COUNT IV
### PLAINTIFF MARIA PALMA HERNDANDEZ'S DAMAGES
**(As to All DEFENDANTS)**

23.     Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full herein.

24.     As a direct and proximate result of the negligence of Defendants, Plaintiff suffered significant bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being.

25.     Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

26.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff MARIA PALMA HERNANDEZ suffered the following damages:

a.  Reasonable medical care and expenses in the past and which will, in all reasonable probability, be incurred into the future;

b.  Physical pain and suffering in the past and which will, in all reasonable probability, be suffered into the future;

c.  Physical impairment in the past and which will, in all reasonable probability, be suffered into the future;

d.  Loss of earnings and earning capacity in the past and in reasonable probability into the future;

e.  Mental anguish in the past and which will, in all reasonable probability, be suffered into the future;

f.  Disfigurement in the past and which will, in all reasonable probability, be suffered into the future;

g.  Loss of consortium in the past and which will, in all reasonable probability be suffered into the future.

## V.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

27.     Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth in full in this section. Plaintiff seeks prejudgment and post judgment interest at the maximum legal rate.

## VI.
## JURY DEMAND

28.     Plaintiff demands a trial by jury on all issues of fact and damages in this action.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a.  As to all Counts and all DEFENDANTS, economic and non-economic damages to the Plaintiff according to proof including as applicable:

a.  Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

b.  Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

c.  Loss of household services in the past and in all probability to be incurred into the future;

d.  Non-economic damages for Plaintiff according to proof including as applicable:

e.  Compensation for physical pain in the past and in reasonable probability will be sustained into the future;

f.  Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

g.  Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

h.  Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

i.  Loss of consortium in the past and in all likelihood to be incurred into the future;

j.  As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiffs according to proof;

k.  As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiffs as provided by law; and

l.  As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

**D. Miller & Associates, PLLC**

*/s/ Anuj Kapur*
Anuj Kapur
Attorney-In-Charge
Texas Bar No. 24103706
Andy Rubenstein
Texas Bar No. 17360375
2610 W. Sam Houston Parkway S., Suite 200
Houston, Texas 77042
Anuj@dmillerlaw.com
Andy@dmillerlaw.com
Telephone: 713-850-8600
Facsimile: 713-366-3463
**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
D. Miller & Associates
2610 W. Sam Houston Parkway S., Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-366-3463